UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

```
ABDUL MUHAMMED,                    )
                                   )
        Petitioner,                )
                                   )
   v.                              )    No. 05-1380
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent.                )
```

**O R D E R**

Before the Court is Petitioner, Abdul Muhammed's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [Doc. #1]. For the reasons that follow, Petitioner's § 2255 Motion will be DENIED and this case DISMISSED.

**BACKGROUND**

On August 12, 1993, Petitioner pled guilty to possession with the intent to distribute cocaine base (Count 1) and armed drug trafficking (Count 3). On February 18, 1994, this Court sentenced Petitioner to imprisonment for 210 months on Count 1 and 60 months on Count 3 of the Indictment, both to run consecutively. Petitioner then filed a timely notice of appeal with the Seventh Circuit Court of Appeals challenging his conviction and sentence. The Seventh Circuit eventually affirmed in part, vacated in part and remanded the case back to this Court for resentencing.

Pursuant to the Seventh Circuit's mandate, this Court vacated Count 3 of the Indictment for armed drug trafficking and resentenced Petitioner on Count 1 for possession with the intent to distribute cocaine base.  On September 25, 1996, Petitioner was resentenced to 262 months imprisonment on Count 1 of the Indictment.  The same day, petitioner filed another timely notice of appeal with the Seventh Circuit Court of Appeals.  However, on September 19, 1997, this Court's resentencing decision was affirmed by the Seventh Circuit.  With the exception of the instant § 2255 Motion, Petitioner has filed no other direct appeals or collateral attacks regarding his conviction or sentence.

## **ANALYSIS**

Section 2255 has a one-year limitation period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.  Petitioner does not allege that the government unconstitutionally prevented him from filing the instant Motion.  Nor does he allege that he is entitled to relief based on new facts that could not be discovered through the exercise of due diligence.

Instead, Petitioner alleges that a recent intervening change in Seventh Circuit case law now renders his 1996 federal sentence unconstitutional under the Due Process Clause of the Fifth Amendment.  In essence, Petitioner is attempting to toll the one-year limitation period by asserting a "right" that has been "newly recognized."  See 28 U.S.C. § 2255 ¶ 6(3).  However, the "right asserted" must be "newly recognized **by the Supreme Court and made retroactively applicable to cases on collateral review**[.]"  Id. (emphasis added).  Petitioner has not pointed this Court to such a "right".

In his § 2255 Motion, Petitioner argues that the Seventh Circuit's recent decision in United States v. Edwards, 397 F.3d 570 (7th Cir. 2005), renders his 1996 federal conviction and sentence unconstitutional.  The Edwards decision, however, is neither a decision by the United States Supreme Court, nor does it address a "right" that has been "newly recognized . . . and made retroactively applicable to cases on collateral review."  See 28 U.S.C. § 2255 ¶ 6(3).  Therefore, the clock began to run

3

on Petitioner's § 2255 Motion on the date in which his judgment of conviction became final. See 28 U.S.C. § 2255 ¶ 6(1).

For purposes of his § 2255 Motion, Petitioner's judgment of conviction became final in late 1997, after he failed to file a petition for certiorari to the United States Supreme Court contesting the Seventh Circuit's decision in his case. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For purposes of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). As a result, § 2255's one-year limitation period has long passed and, the instant Motion is untimely.

IT IS THEREFORE ORDERED that Petitioner's § 2255 Motion [Doc. #1] is DENIED and this case is DISMISSED.

Entered this _27th_ day of February, 2006.

             ___/s/ Joe B. McDade_____
               JOE BILLY McDADE
             United States District Judge

4